# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *  \*
DANA KENDRICK,                           \*   No. 22-639V
*on behalf of C.E.K., a minor*           \*
                                         \*
          Petitioner,           \*
                                         \*   Special Master Christian J. Moran
v.                                       \*
                                         \*   Filed: October 2, 2023
SECRETARY OF HEALTH                      \*
AND HUMAN SERVICES,                      \*
                                         \*
          Respondent.           \*
* * * * * * * * * * * * * * * * * * * *

Sean Greenwood, The Greenwood Law Firm, Houston, TX, for petitioner;
Felicia Langel, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

     Ms. Dana Kendrick, on behalf of C.E.K., a minor, alleged that C.E.K. suffered from brain inflammation, expressive language disorder, and chronic inflammatory response syndrome as a result of receiving the DTaP and PCV 13 vaccines beginning August 2, 2019. Pet., filed June 9, 2022. On September 26, 2023, Ms. Kendrick moved for a decision dismissing her petition.

### I.   Procedural History

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Ms. Kendrick ("petitioner"), on behalf of C.E.K., filed a petition on June 9, 2022. She filed medical records and confirmed that the record was complete on December 27, 2022.

The case was reassigned to the undersigned on January 5, 2023. On January 30, 2023, the undersigned issued initial orders to schedule upcoming deadlines in the case, requiring the Secretary to file a Rule 4(c) Report by May 1, 2023 and petitioner to submit an expert report by September 1, 2023.

On May 1, 2023, the Secretary filed a Rule 4(c) Report, contesting petitioner's allegation that the vaccines caused C.E.K.'s injuries.

On September 5, 2023, petitioner filed a status report to explain that petitioner was unable to file expert reports because no experts were retained at the time.

On September 6, 2023, the undersigned issued an order, extending petitioner's expert report deadline by 30 days. The order stated that petitioner's status report from September 5, 2023 did "not contain sufficient information to conclude that petitioner has diligently attempted to comply with the February 17, 2023 order." Order, issued Sept. 6, 2023.

On September 20, 2023, petitioner filed a status report, describing her efforts in retaining experts, but to no avail. On September 26, 2023, petitioner moved for a decision dismissing her petition. Petitioner stated that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her [and] has been advised that such a judgment will end all of her rights in the Vaccine Program." Pet'r's Mot., filed Sept. 26, 2023. Petitioner "intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action." Id. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee

suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Kendrick filed medical records in support of her claim but did not retain an expert to opine on her case. Therefore, Ms. Kendrick wishes to have her claim dismissed and judgment entered against her.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, Ms. Kendrick did not retain an expert to support her claim that the DTaP and PCV 13 vaccines caused C.E.K.'s brain inflammation, expressive language disorder, and chronic inflammatory response syndrome. Therefore, there is insufficient evidence to support a finding of vaccine-causation.

**Thus, this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master